UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                          CASE NO: 8:14-cr-215-CEH-AEP

JUAN YOVER ESTRADA-
MANCILLO a/k/a JESUS
BETANCU
_____/

**ORDER**

This matter comes before the Court on Defendant's letter, filed on July 12, 2022, which the court construes as a Motion for Compassionate Release (Doc. 141). In the motion, Defendant seeks an order granting him compassionate release under the First Step Act. The Government filed a response in opposition. Doc. 143. The Court, having considered the motion and being fully advised in the premises, will deny, without prejudice, Defendant's construed Motion for Compassionate Release.

**I.    BACKGROUND**

On December 15, 2014, Jesus Betancu, a/k/a Juan Yover Estrada-Mancillo, was initially sentenced to 225 months' imprisonment for conspiracy to possess with intent to distribute five (5) kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States. Docs. 81, 83. On August 26, 2020, this Court reduced Betancu's sentence to one hundred and thirty-five months pursuant to a Rule 35 motion filed by the United States. Docs. 117, 121, 122. Betancu, who is 46 years old, is currently incarcerated at Atlanta United States Penitentiary (USP), and is

projected to be released on September 29, 2025. *See* BOP Inmate Locator at https://www.bop.gov/inmateloc/(last accessed on November 21, 2022).

### A. Defendant's Motion

On July 12, 2022, Defendant filed a letter with the Court which has been construed as a motion for compassionate release. Doc. 141. Defendant does not allege he first made a request to the warden of his facility before seeking compassionate release from the court. *Id*. Further, Defendant does not allege any medical condition that would establish an extraordinary and compelling reason to grant the instant motion. *Id*. Defendant does not allege that he is of an advanced age or any family circumstances that would establish an extraordinary and compelling reason to grant the instant motion. *Id*. Defendant is not at least 70 years old, nor has he served at least 30 years in prison to qualify as a basis for granting the instant motion. *Id*. In support of the motion, Defendant argues that he has served over 50% of his sentence, which qualifies him for early release under the First Step Act if he were a United States citizen. *Id*.

### B. Government's Response

The Government filed a memorandum opposing Defendant's motion in which it argues that the motion should be denied because the administrative exhaustion requirement has not been satisfied and no extraordinary and compelling reasons exist to serve as a basis for granting the instant motion. Doc. 143.

## II. LEGAL STANDARD

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted). Those limited circumstances are provided under 18 U.S.C. § 3582(c)(1)(A)(i). Effective December 21, 2018, the First Step Act of 2018 amended section 3582(c)(1)(A) by adding a provision that allows prisoners to directly petition a district court for compassionate release. That provision states:

The court may not modify a term of imprisonment once it has been imposed except that—

(1) in any case—

> (A) the court, upon motion of the Director of the Bureau of Prisons, *or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier*, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>> (i) extraordinary and compelling reasons warrant such a reduction; or
>>
>> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other

>>person or the community, as provided under section 3142(g);
>
>and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
>
>(B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure. . . .

18 U.S.C. § 3582(c)(1) (italics reflecting amendment under First Step Act). Accordingly, a court may reduce a sentence upon motion of a defendant provided that: (1) the inmate has either exhausted his or her administrative appeal rights of the BOP's failure to bring such a motion on the inmate's behalf or has waited until 30 days after the applicable warden has received such a request; (2) the inmate has established "extraordinary and compelling reasons" for the requested sentence reduction; and (3) the reduction is consistent with the Sentencing Commission's policy statement. *See id.* Courts are to consider the § 3553(a) factors, as applicable, as part of the analysis.[1] *See* §3582(c)(1)(A).

---

[1] These factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

The defendant generally bears the burden of establishing that compassionate release is warranted. *See United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013) (providing that defendant bears the burden of establishing a reduction of sentence is warranted under § 3582(c) due to a retroactive guideline amendment); *United States v. Heromin*, Case No. 8:11-cr-550-VMC-SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019) (citing *Hamilton* in the context of a § 3582(c) motion for compassionate release).

### III.   DISCUSSION

Defendant does not argue or otherwise demonstrate that he has satisfied administrative exhaustion. Defendant has made no request to the warden for compassionate release, nor has he provided evidence that a request has been made. Failure to exhaust administrative remedies within the Bureau of Prisons is fatal to a defendant's motion for compassionate release. *United States v. Raia*, 954 F. 3d 594, 597 (3rd Cir. 2020) (published) (per curiam) ("Given BOP's shared desire for a safe and healthy prison environment, we conclude that strict compliance with § 3582(c)(1)(A)'s exhaustion requirement takes on added—and critical—importance."); *see also United States v. Elgin*, Case No. 2:14-cr-129-JVB-JEM, 2019 U.S. Dist. LEXIS 86571, *2-3 (N.D. Ind. May 23, 2019); *cf. United States v. Leverette*, 721 F. App'x 916, 917 (11th Cir. 2018) (exhaustion of BOP remedies is requisite for judicial review under 28 U.S.C. § 2241); *United States v. Roberson*, 746 F. App'x 883, 885 (11th Cir. 2018) (same); *United States v. Alexander*, 609 F.3d 1250, 1260 (11th Cir. 2010) (same). Because Defendant

failed to exhaust his administrative remedies before seeking relief before this Court under 18 U.S.C. § 3582(c)(1)(A), the motion is premature and no further discussion of the extraordinary and compelling reasons to grant this motion is necessary.

Accordingly, it is hereby

**ORDERED**:

1. Defendant's Motion for Compassionate Release (Doc. 141) is **DENIED, without prejudice**.

**DONE AND ORDERED** in Tampa, Florida on November 23, 2022.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Unrepresented Parties